IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, May 5, 2011

## IN THE MATTER OF: THE CONSERVATORSHIP OF: MARY LOUISE SOTTONG, Appellee, GEOFFREY SOTTONG, Appellant

Appeal from the Chancery Court for Hamilton County
No. 08-G-152    Hon. Donald P. Harris, Sr. Judge, Part 2

_____

No. E2010-02201-COA-R3-CV-FILED-JUNE 3, 2011

_____

In this conservatorship estate, Geoffrey Sottong, son of Mary Louise Sottong, raises issues as to the ruling of the Trial Court regarding the conservator's administration of the conservatorship estate. Upon review, we conclude that the Trial Court's series of orders properly instructed the conservator on administering the estate, and affirm the Judgment of the Trial Court on these issues.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Geoffrey Sottong, Signal Mountain, Tennessee, *pro se.*

Cindy S. Deere, Signal Mountain, Tennessee, Conservator Appellee.

### OPINION

### Background

Geoffrey Sottong, son of Mary Louise Sottong, filed a Petition on November 24, 2008, setting forth that Ms. Sottong suffered from Alzheimer's disease, and was in need of

a conservator. Geoffrey lived in South Carolina, and asked to be appointed conservator, and the Petition showed that Ms. Sottong had two other sons, Gary and Lincoln, who reside in Signal Mountain, Tennessee.

The Trial Court appointed a Guardian Ad Litem, and Geoffrey then submitted an Inventory and Property Management Plan, which stated that Sottong's other two sons lived in the home with their mother, and that continuation of this current living arrangement would likely deplete her remaining assets. Geoffrey concluded that the other sons' dependency on Ms. Sottong rendered them inappropriate to be named conservator. He also admitted that the home in which his family lived in South Carolina was owned by Ms. Sottong, and stated that it was large enough for her to come and live with them, and that they were willing to pay fair rental value for their use of the house. Further, that Ms. Sottong owned an IRA valued at $377,000.00, and received social security benefits and distributions from trust accounts.

The Trial Court subsequently entered an Order Appointing Conservator, and found that Ms. Sottong was disabled, which required a conservator. The Court named Cindy Deere, a resident of Signal Mountain, and a member of the Hamilton County Bar, to serve as Conservator, and the Court specifically recognized that Ms. Sottong wished to remain at home as long as possible, and the Court instructed the Conservator to investigate the safety and feasibility of continuing her living arrangements.

The Conservator later filed a Motion for Instructions, stating the family home on Signal Mountain was the property of the Phillip Sottong Residuary Trust, for which Geoffrey was trustee and Ms. Sottong was the beneficiary. The Conservator stated that she had been paying the utilities and upkeep on the home, and that Ms. Sottong's son, Gary, was still living there. The Conservator also reported that Ms. Sottong had been placed at Manorhouse Assisted Living in Chattanooga.

The Conservator sought instructions from the Court regarding her responsibility with regard to the maintenance of the home, since it was an asset of a trust for which the ward was the primary beneficiary.

The Conservator also reported that the ward owned a home in South Carolina which was not included in the trust, and that it was approximately 4,000 square feet and was appraised at over $300,000.00. Further, that Geoffrey and his family lived there and that she had paid $2,358.00 in homeowner's insurance and $4,243.00 in property taxes on that home for the year. She asked instructions regarding whether Geoffrey should be required to pay rent for the use of this property.

The court entered an Order on September 9, 2009, finding that the Signal Mountain

property was the property of the trust, and that the trustees would be responsible for payment of all utilities, taxes, insurance, maintenance, and upkeep of that property. The Court found the property in South Carolina was owned solely by Ms. Sottong, and that Geoffrey could continue to reside there and, in lieu of rent, would be responsible for paying the property taxes and insurance. The Court also stated that Geoffrey would be required to provide proof of payment to the Conservator on a timely basis.

On June 25, 2010, the Conservator filed a Motion for Contempt for Failure to Obey Court Order, stating that Geoffrey had not paid the homeowner's insurance or the property taxes for the South Carolina property, and that she had been forced to pay the same to protect the ward's interest. Geoffrey then filed a *pro se* Motion to Recuse, seeking recusal of the Chancellor because he alleged the Chancellor's allotment of funds suggested bias against Ms. Sottong's family. Specifically, Geoffrey alleged that the Court had erred in awarding the full amount of the conservator's fees and expenses each time they were sought. Also, that the Court had allowed Ms. Sottong 's assets to be squandered by placing her in a nursing home rather than allowing her to go and live with Geoffrey, and that now she was kept in a "drugged state" and "cut off" from her family. Upon holding a hearing, the Court granted the Motion to Recuse, transferring all pending motions to another judge.

A hearing was held by Senior Judge Donald Harris, and he entered an Order stating that Geoffrey was not a party to the proceeding and thus had no standing to ask to see Ms. Sottong's medical records. The Court also ordered that Geoffrey was to reimburse his mother's estate for the property taxes and insurance which the Conservator had paid, and was also to pay property taxes on two other parcels in South Carolina to the property tax assessor, and that if he failed to do so within 15 days, the Conservator could take possession of the property and rent it to another. At that juncture, Geoffrey filed a Notice of Appeal, and also filed a Petition seeking the Conservator's removal, and seeking to have himself named conservator. He also filed another Motion to Recuse, and a Motion for Access to Ms. Sottong's medical records. The Conservator and Geoffrey then filed an Agreed Order allowing him access to Ms. Sottong's medical records.

Appellant raises these issues on appeal:

1.      Whether the Trial Court erred in allowing the conservator "not to send a Certificate of Service to Mr. Sottong (Appellant) for the August 30, 2010, hearing prior to submitting the order drawn up by Ms. Deere to Chancellor Harris for signature according to Tennessee Rules of Civil Procedure 5.01, 5.02, and 5.03?"

2.      Whether the order should be revised since it differs substantially from what was stated in court?

3. Whether the Trial Court erred in setting a deadline fifteen days from the date of the hearing when the order was not filed until sixteen days after the hearing?

4. Whether the Conservator can act unilaterally without conferring with the trustees when taking actions in regard to the trust?

5. Whether the Conservator should have to bear the cost of this appeal?

6. Whether Ms. Sottong has been illegally confined by the Conservator because no hearing was ever held for her involuntary confinement?

7. Whether Ms. Sottong should be released from the nursing home as required by Tenn. Code Ann. §33-3-618?

8. Whether Ms. Sottong's Conservator should be removed and replaced by Geoffrey?

Geoffrey argues that the Conservator did not send him a copy of the proposed Order from the August 30, 2010, hearing before or at the same time she submitted such to the Court, which was error. The Conservator replied that she merely prepared the Order from the hearing as the Court requested, and that she did not send it to Geoffrey prior to submitting it to the Court because he was not actually a party and was not represented by counsel to whom she could submit the Order. The Conservator also stated that the Court sent a copy of the Order to Geoffrey once it was signed. Tenn. R. Civ. P. 5 does require that every pleading and order be served "upon each of the parties". In any event, he was served with a copy of the signed order by the Clerk, and this issue is without merit.

Geoffrey also complains that the Court erred in setting a deadline for him to pay the taxes and insurance within 15 days of the hearing date, but then did not enter the Order and send him a copy until 16 days had passed, at which time he promptly paid, as ordered. The Conservator admitted that Geoffrey did pay the requisite amounts, and she affirmatively stated that she will not seek to rent the property so long as he continues to pay what he is required to pay on a timely basis. The Conservator's position in Court renders this issue moot.

Next, Geoffrey complains that the Order should be revised because it differs from what the Judge stated at the conclusion of the hearing, in that it not only required him to pay the amounts to the Conservator for taxes and insurance she had already paid from Ms. Sottong's estate, but it also required him to pay the taxes due on the other South Carolina parcels directly to the tax assessor. The Conservator responds that these parcels are

connected to the property where Geoffrey lives and are used by him and his family, and thus that these amounts were included in the Court's Order of September 9, 2009, which Geoffrey was to pay in lieu of rent. That Order does not state specifically what amounts Geoffrey was to pay, simply that he would pay property taxes and homeowner's insurance in lieu of rent. The latter Order states specifically that Geoffrey needed to pay $2,358.50 in homeowner's insurance plus $462.92 in property taxes to the conservator, and $350.15 and $3,890.29 to the tax assessor for the South Carolina property, and this Order was signed and approved by the Trial Judge.

Geoffrey argues the foregoing differs from what the transcript of the hearing says, but in the transcript, the Conservator merely recounted to the Court that Geoffrey had previously been ordered to pay the insurance and property taxes related to the South Carolina property, and that he had not done so. The Court asked Geoffrey if he had paid the amounts ordered, and he replied that he had not, but that the money "will be here within the next week". The Court then observed that if he had not repaid the conservatorship within 15 days, the Conservator was to take possession of the property and rent it. Geoffrey argues that the Court did not include these amounts that were still due to the tax assessor within that 15 day requirement, but rather included the amounts previously paid by the conservator.

We reiterate the Court's prior Order does not state specifically the amounts to be paid by Geoffrey, but simply states that he will pay homeowner's insurance and property taxes in lieu of rent. Geoffrey does not argue that these amounts he was ordered to pay directly to the tax assessor were not related to the property that he occupies or were not covered by the Trial Court's earlier Order, rather, he simply argues that they should not have been included in the later Order which only gave him 15 days to pay. However, he does not argue that the amounts were not due and payable at the time. On this record, the Trial Court properly included these amounts in its later Order, which required them to be paid immediately, and there is nothing in the record to show that the Trial Court erred in it's Order. Moreover, since Geoffrey has already made these payments, the issue is moot.

Geoffrey raises other issues regarding the Conservator's actions with regard to the trust, and regarding the Conservator's decision to place Ms. Sottong in a nursing home (and whether the Conservator should be removed). Geoffrey's appeal lies only from the Court's Order regarding the payment of insurance and property taxes, and none of the other issues which he attempts to raise have been ruled upon by the Trial Court.

The Judgment of the Trial Court is affirmed, and in our discretion we tax the costs of this appeal one-half to Geoffrey Sottong, individually, and one-half to the Estate.

_____
HERSCHEL PICKENS FRANKS, P.J.